## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

REINA YOLANDA ROSALES-SIC,

      Petitioner,

      v.                                  Case No. 2:26-cv-01483 KWR-KRS

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Officer Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; ACTING DIRECTOR, Acting Director
Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department
Of Homeland Security; AND TODD BLANCHE,
*Acting* U.S. Attorney General,

      Respondents.

## <u>ORDER TO SHOW CAUSE</u>

THIS MATTER comes before the Court *sua sponte*. The Court directs the parties to update the Court on the status of the underlying removal proceedings.  Upon review of the EOIR case information, it appears that an order of removal was entered on June 23, 2026. *See https://acis.eoir.justice.gov/en/caseInformation* (last accessed August 6, 2026). The EOIR docket reflects that no appeal was received. Therefore, it appears that a final order of removal was entered and Petitioner may be mandatorily detained under 8 U.S.C. § 1231.

Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition the BIA for review of the order.') (citation omitted). The regulations set forth when an order of removal becomes final. *See* 8 C.F.R. § 1241.1. Here, it appears that an order of removal was entered on June 23, 2026, and it appears an appeal was not received. Therefore, the order of removal may be final.

The parties shall submit simultaneous briefs addressing (1) whether a final order of removal was entered and (2) whether Petitioner is mandatorily detained at this time under 8 U.S.C. § 1231, within **two (2) weeks** of the entry of this order.

**IT IS SO ORDERED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE