**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

REINA YOLANDA ROSALES-SIC,

Petitioner,

v. Case No. 2:26-cv-01483 KWR-KRS

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Officer Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; ACTING DIRECTOR, Acting Director
Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department
Of Homeland Security; AND TODD BLANCHE,
*Acting* U.S. Attorney General,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner is a noncitizen in ICE custody. She asserts that her detention violates due process and she seeks release from custody. As explained below, Petitioner's claims are not well-taken. Therefore, the Petition is **DENIED** without prejudice.

**BACKGROUND**

Petitioner asserts that she has lived in the United States since 2018. Petitioner asserts that she was detained by ICE in November 2025. On or about December 22, 2025, Petitioner received a bond hearing under 8 U.S.C. § 1226(a). *See* Doc. 6-2 at 1. Although the immigration judge noted that she was mandatorily detained, in the alternative the immigration judge ruled that Petitioner

was a flight risk based on or speculative form of relief, entry into the United States, and ties to the community. Doc.6-2 at 1. Based on this alternative ruling, it appears Petitioner received a bond hearing under §1226(a). Petitioner's Petition did not acknowledge that she received a bond hearing, did not challenge her bond hearing or explain why her bond hearing was inadequate.

As of October 23, 2026, the EOIR case status reports as follows. *See https://acis.eoir.justice.gov/en/caseInformation*. A removal order was issued on June 23, 2026. *Id.* Although Petitioner filed an appeal which was allegedly received on July 27, 2026, Doc. 10-1, the BIA subsequently dismissed the appeal on August 26, 2026. As explained below, the order of removal became final on that date. However, it appears that Petitioner filed a motion to reconsider on September 8, 2026.

**DISCUSSION**

Petitioner raised two general categories of claims in her Petition. *First*, she asserts that she was erroneously mandatorily detained under 8 U.S.C. § 1225(b)(2) and she did not receive a bond hearing under 8 U.S.C. § 1226(a). But as noted above, it appears she received a bond hearing under §1226(a). In the written order denying bond the immigration judge noted in the alternative that Petitioner was a flight risk and cited to various factors. Petitioner does not acknowledge in her Petition that she received a bond hearing and she does not assert or explain how her bond hearing was insufficient. She does not explain why she believes her bond hearing was not sufficiently individualized. Therefore, because it appears that Petitioner has received a bond hearing under § 1226(a), this claim is denied.

*Second*, Petitioner asserts that her procedural due process rights were violated in the manner her release was revoked. Petitioner did not demonstrate a due process violation, and the record is insufficient for the Court to find one. At issue appears to be whether Respondents

followed the necessary procedures in revoking her release. But she merely summarily asserts she was released and does not provide any facts regarding her release or parole. Was she placed on conditional parole under § 1226(a), or parole under 8 U.S.C. § 1182(d)(5)? These different types of release or parole contain different procedures. Moreover, although she cites to the *Mathews* factors, she does not analyze the factors to demonstrate a procedural due process violation. Finally, she does not assert that Respondents violated *Sierra* or *Marczak. See Marczak v. Greene,* 971 F.2d 510, 515 (10th Cir. 1992); *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1219 (10th Cir. 2001).

Although she bears the burden of proof, she does not sufficiently develop her due process claim, and the Court declines to act as her counsel or develop her claim on her behalf. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Therefore, for the reasons stated above, Petitioner's claims fail.

In the alternative, it appears that Petitioner is now mandatorily detained under 8 U.S.C. § 1231. It appears that Petitioner's removal order may be final. An immigration judge issued an order of removal on June 23, 2026. Petitioner allegedly appealed the removal order on July 27, 2026. Doc. 10-1 at 1. The BIA dismissed the appeal on August 26, 2026.

Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition the BIA for review of the order.') (citation omitted). The regulations set forth when an order of removal becomes final. *See* 8 C.F.R. § 1241.1. Specifically, the regulations state in part that an order of removal is final when (1) an appeal is dismissed or (2) the expiration of the time allotted for an appeal if the respond does not file an appeal within that time. *Id.* § 1241.1(a), (c).

Here, Petitioner's removal order was issued on June 23, 2026. Her appeal was due on July 23, 2026. Respondents assert an appeal was received on July 27, 2026. Doc. 10-1. Thus, her removal order was final on that day. *See* 8 C.F.R. § 1241.1(c) (stating that removal order is final upon expiration of the appeal period if noncitizen does not file an appeal within that time). Alternatively, Petitioner's appeal was dismissed on August 26, 2026. Petitioner's order of removal was final on the date the appeal was dismissed. 8 C.F.R. § 1241.1(a). Petitioner is therefore mandatorily detained under § 1231(a)(2) for ninety days from August 26, 2026. Moreover, the six-month period in which detention is presumptively reasonable has not yet expired. *See Zadvydas*, 533 U.S. at 701.

The EOIR case status notes that a motion to reconsider was filed on September 8, 2026. A Petitioner may file a motion to reconsider a final order of removal. 8 U.S.C. § 1229a(c)(6)(A). It must be filed "within 30 days of the date of entry of a final administrative order of removal." 1229a(c)(6)(B). It appears that a pending motion to reconsider does not render a final order of removal non-final. As explained above, "[t]his removal period begins "on the latest of the following:"

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

…

*Id.* § 1231(a)(1)(B). A removal order becomes "administratively final" when the order has been affirmed by the BIA or the time for seeking review has expired. 8 U.S.C. § 1101(a)(47)(B); *Riley v. Bondi*, 606 U.S. 259, 267 (2025).

Here, the pending motion to reconsider does not affect the validity of a final order of removal. A motion to reconsider may not be filed until "a final administrative order of removal" has been issued. *Id.* § 1229a(c)(6)(B). As to an analogous motion to reopen, the regulations governing immigration proceedings specifically state that noncitizens are still subject to § 1231, which governs detention during and beyond the removal period, unless a motion to reopen is granted. 8 C.F.R. § 241.4(b)(1). Moreover, "[t]he finality of a removal order is not affected by the filing of a motion to reopen or reconsider." *Forde v. U.S. Att'y Gen.*, 257 F. App'x 167, 169 (11th Cir. 2007) (citing *Stone v. INS*, 514 U.S. 386, 405 (1995); *See also Naranjo-Castillo v. INS*, 145 F.3d 1346, 1998 WL 243700, at *2 (10th Cir. 1998) (unpublished table decision) (noting that, in a case where petitioner filed a motion to reopen, BIA's decision was "administratively final" when petitioner waived the right to appeal before an IJ in 1995); *Diouf v. Mukasey*, 542 F.3d 1222, 1230 (9th Cir. 2008) (concluding that removal period began when removal order became final; later challenges to denial of motions to reopen had no effect on removal period date). Therefore, in the alternative, it appears that Petitioner may be mandatorily detained at this time under § 1231(a)(2) or detained under *Zadvydas*.

For the reasons stated above, Petitioner's Petition is denied without prejudice.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **DENIED** without prejudice.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE